UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| ANGELINA BERRY,<br><br>Plaintiff,<br><br>v.<br><br>FRANK J. BISIGNANO,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:25-CV-66-ZMB |

**MEMORANDUM AND ORDER**

Plaintiff Angelina Berry brings this action under 42 U.S.C. § 405(g) for judicial review of the Social Security Commissioner's final decision denying her application for social security benefits. Doc. 1. Specifically, Berry avers that the Commissioner erred in his determination that Berry can perform work as it exists in the national economy and is therefore not disabled. But because the Commissioner made no legal error and his decision is supported by substantial evidence, the Court affirms the denial of benefits.

**BACKGROUND**

Berry suffers from a number of physical and mental ailments that she contends make her unable to work or function. *See* Tr. at 81–82. As such, she sought disability benefits from the Commissioner in 2021. *See* Tr. at 17. The Commissioner ultimately denied her application. Tr. at 14. After determining that Berry's Residual Functional Capacity (RFC) included the ability to "remember and carry out simple instructions," the Administrative Law Judge (ALJ) credited the testimony of a Vocational Expert (VE) that there were jobs in the national economy that Berry could perform, including marker, router, and inspector/hand packager. Tr. at 24, 31. As such, she did not qualify as disabled under the Social Security Act. Berry sought administrative review, but the Appeals Council confirmed the denial of benefits. *See* Tr. at 1.

Berry initiated this action in late 2025 seeking reversal of the Commissioner's decision. Doc. 1. Consistent with the Court's Case Management Order, Doc. 7, the Commissioner filed the administrative record, Doc. 8, and Berry filed her brief, Doc. 9. Berry argues that the ALJ misapplied her RFC by improperly relying on jobs in the national economy that require a greater level of mental acuity than she possesses. *Id.* at 3. The Commissioner filed his reply brief, Doc. 10, arguing that, although Berry was limited to tasks involving "simple instructions," the jobs cited by the ALJ did not exceed that restriction. Berry did not file a reply brief within the specified time, *see* Doc. 7 ¶ 2(d), meaning the matter is now ripe for adjudication.

## LEGAL STANDARD

### I. The Five-Step Sequential Evaluation

When reviewing a claim under 42 U.S.C. § 405(g), the Commission applies a five-step sequential test. "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Teabeau v. Kijakazi*, No. 4:21-CV-703-NCC, 2022 WL 4598672, at *2 (E.D. Mo. Sept. 30, 2022) (quoting *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005)). "The claimant has the burden of proof to show she is disabled through step four," with the burden of production shifting to the Commissioner at Step Five. *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). "The ultimate burden of persuasion to prove disability, however, always remains with the claimant." *Young v. Apfel*, 221 F.3d 1065,1069 n.5 (8th Cir. 2000).

The first step is an evaluation of whether the claimant is engaging in work activity and whether any such work constitutes "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i).[1] If so, the claimant is not disabled. *Id.* Second, the Commissioner must examine the evidence to determine whether the claimant has a severe "impairment or combination of impairments which

[1] The same five-factor test applies to claims for disability insurance as well as supplemental security income. *Compare* 20 C.F.R. § 416.920 (setting out the test for SSI), *with* 20 C.F.R. § 404.1520 (same for DIB). For ease of reference, all citations of 20 C.F.R. § 416.920 should also be construed as cross referencing § 404.1520.

significantly limits [claimant's] physical or mental ability to do basic work activities." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citing 20 C.F.R. § 416.920(c)). Third, the Commissioner evaluates the severity of the impairment, and if the impairment crosses a threshold listed in the regulations, the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(iii), (d).

Fourth, if the impairment is found to be severe but does not meet the threshold required for a presumptive finding of disability in Step Three, the Commissioner assesses the claimant's "residual functional capacity" to perform sustained work based on the evidence in the record. *Id.* § 416.920(e), 416.945; *see also* SSR 96-8p, 1996 WL 374184 (July 2, 1996) (stating the SSA's policy interpretations regarding the RFC assessment). Following the determination of the claimants' RFC, the Commissioner assesses whether the claimant can perform the requirements of their past relevant work. 20 C.F.R. § 416.920(f). If so, the claimant is not disabled. *Id.*

Finally, at Step Five, the Commissioner determines whether the claimant can make adjustment to other work, given the claimant's residual functional capacity, age, education, and work experience. *Id.* at 416.920(a)(4)(v). If the claimant can, they are not disabled. *Id.* Further, if a claimant reaches Step Five, the Social Security Administration must meet a limited burden of providing evidence "that other work exists in significant numbers in the national economy that [claimant] can do." *Id.* at 416.960(c)(2).

## II. Review of the Commissioner's Decision

The Court will affirm the Commissioner's decision "if the ALJ made no legal error and the ALJ's decision is supported by substantial evidence on the record as a whole." *Cropper v. Dudek,* 136 F.4th 809, 813 (8th Cir. 2025) (citation omitted). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Id.* "Substantial evidence means more than a mere scintilla." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009).

While the Court may "consider[] both evidence that supports that decision and evidence that detracts from that decision," it may not "reweigh the evidence presented to the ALJ" and must "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Eder v. Kijakazi*, No. 4:22-CV-64-SEP, 2023 WL 2571531, at *3 (E.D. Mo. Mar. 20, 2023) (quoting *Renstrom v. Astrue*, 680 F.3d 1057, 1063–64 (8th Cir. 2012)). This deferential review means that the Court must affirm the decision even if "substantial evidence exists in the record that would have supported a contrary outcome." *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022) (citation omitted). The Court may "disturb the Commissioner's decision only if it falls outside the available zone of choice." *Id.*

**DISCUSSION**

Berry does not challenge the ALJ's findings through Step Four of the sequential process. Instead, she believes that the ALJ's consideration of available jobs did not comport with the RFC's limitations. Doc. 9 at 3. At Step Five, the ALJ determined that Berry could "understand, remember and carry out *simple instructions*." *Id.* However, Berry contends that the VE's list of jobs—including marker, router, and inspector/hand picker—require "level two" reasoning, making them too advanced for Berry. *Id.* at 3–4. Specifically, she believes that any level-two job exceeds the RFC's limitation of tasks involving "simple instructions," *id.* at 5, as they are defined as "apply[ing] commonsense understanding to carry out detailed but uninvolved written or oral instructions and deal with problems involving a few concrete variables in or from standardized situations." *Id.* at 4 (alterations omitted). In light of this inconsistency, Berry argues that the ALJ failed to ask the VE if her testimony was consistent "with the information contained in the *Dictionary of Occupational Titles*" and that, even if the VE confirmed that it was, the ALJ had an independent obligation to "identify and resolve any apparent conflicts before relying on the [VE's] testimony." *Id.* at 5–6. And because such a conflict exists, the ALJ committed reversible error. *Id.* at 6. She is wrong.

At bottom, Berry's assertion is that the "simple instructions limitation in this case is interchangeable with the phrase 'one to two step instructions.'" *Id.* But the Eighth Circuit has rejected an identical argument, finding that a "simple instructions" limitation does not necessarily equate to level-one reasoning. *See Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010). In *Moore*, the Eighth Circuit found an ALJ "did not limit [his hypothetical about] 'simple' job instructions to 'simple *one- or two-step* instructions' or otherwise indicate that Moore could perform only occupations at a *DOT* Level 1 reasoning level." *Id.* As in *Moore*, the record reveals that the ALJ likewise did not make such a qualification regarding simple instructions. *See* Tr. at 75–76 ("[ALJ:] [W]ould those jobs [marker, router, and inspector and hand packager] remain if I instead said the person could understand, remember, and carry out simple instructions and make simple work related decisions?"). And in any event, as the *Moore* Court concluded, the definition of level-two reasoning is compatible with "simple instructions." 623 F.3d at 604–05. As such, the VE's identification of jobs that apply level-two reasoning was not inconsistent with the ALJ's hypothetical of a person with a RFC of following "simple instructions." Therefore, the denial of benefits is supported by substantial evidence.

**CONCLUSION**

Accordingly, because substantial evidence supports the Social Security Commissioner's conclusions and there was no error in the application of relevant legal standards, the Court **AFFIRMS** the Commissioner's decision. A separate Judgment will accompany this Memorandum and Order.

So ordered this 19th day of August 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE